UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SEAN PHILLIP CHAMP,

                Plaintiff,

vs.                                    Case No. 2:09-cv-424-FtM-36SPC

VICTORIA LAFAYETTE Lieutenant, Assistant Maximum Security Jail Commander and PETER BONO, Lieutenant, Watch Commander,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of the Motion to Dismiss, or in the Alternative Motion for Summary Judgment (Doc. #38, Motion), filed on behalf of Defendants Lafayette and Bono. On June 3, 2010, the Court advised Plaintiff of the strictures of Fed. R. Civ. P. 56 and directed Plaintiff to file a response to the Defendants' Motion within thirty days. Doc. #40. Plaintiff did not file a response to the Motion and the time do so has expired.[1] See docket. This matter is ripe for review.

---

[1] On October 4, 2010, Plaintiff filed a "Notice of Inquiry" (Doc. #46) as to the status of his response. In the Notice, Plaintiff suggested that he filed a response to the Defendants' Motion. See Doc. #46. The Court directed Defendants to file a response to Plaintiff's Notice to advise whether Plaintiff had served them with a copy of his response. Doc. #47. Defendants advised the Court that they never received a copy of Plaintiff's response. Doc. #49. Plaintiff did not request any further relief from the Court. See docket.

**I. Status**

Sean Phillip Champ, a *pro se* plaintiff, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) pursuant to 42 U.S.C. § 1983 while in custody of the Lee County Jail (hereinafter the "Jail").² *See* docket. Upon review of the Complaint, the Court directed Plaintiff to file an Amended Complaint (Doc. #11) and Plaintiff complied (Doc. #15). Plaintiff is proceeding on his Second Amended Complaint (Doc. #23, hereinafter "Complaint"), filed January 22, 2010.

Plaintiff names as Defendants: Lieutenant Victoria Lafayette, a jail commander; and, Lieutenant Peter Bono, a watch commander, in their individual and official capacities. Complaint at 1. According to the Complaint, Plaintiff was sodomized by his cellmate on December 9, 2008. *Id.* at 8. Plaintiff blames Defendant Bono for failure to protect Plaintiff from this sexual attack. *Id.* at 9-10, 13-17. Plaintiff attributes liability on Defendant Lafayette for failure to provide medical treatment to him after the incident. *Id.* at 10-11, 18.

Defendants move for dismissal based on Plaintiff's failure to exhaust his administrative remedies. Alternatively, Defendants

---

²It is unclear whether Plaintiff was being held in the Lee County Jail as a pre-trial detainee, or being held there due to post-conviction matters or additional charges. *See* Exh. D (showing criminal judgment entered in 2007); Exh. F (showing violation of probation report dated July 2008). For purposes of this Order, however, this distinction is irrelevant.

move for summary judgment as to all claims and to the extent the Defendants are sued in their individual capacities, Defendants raise qualified immunity. For the reasons herein, the Court grants the Defendants' Motion.

## II.  Exhaustion of Administrative Remedies

The Prison Litigation Reform Act, which amended The Civil Rights of Institutionalized Persons Act, provides as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted***.

42 U.S.C. § 1997e(a)(emphasis added). A prisoner must exhaust all available administrative remedies before filing an action in federal court. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000). Although prisoners are not required to plead exhaustion, *Jones v. Bock*, 549 U.S. 199, 216 (2007), "[t]here is no question that exhaustion is mandatory under the PLRA, and that unexhausted claims cannot be brought in court." *Id*. at 211. In order to exhaust, the inmate must comply with "all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90.

Whether an inmate has exhausted his available administrative remedies is a factual issue that is properly made by the court. *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008). Thus, "[e]ven though a failure-to-exhaust defense is non-jurisdictional, it is like a defense for lack of jurisdiction in one important sense: Exhaustion of administrative remedies is a matter in abatement, and ordinarily does not deal with the merits." *Id.* (footnote, internal quotations, and citations omitted). The defense of exhaustion is properly raised in a motion to dismiss as a "matter of judicial administration." *Id.* 1375. Thus, the court is permitted to look beyond the pleadings to decide disputed issues of fact in connection with the exhaustion defense. *Id.* at 1377 n.16.

### III. Analysis

Plaintiff acknowledges that he did not exhaust his administrative remedies. Mot. SJ. at 13; Complaint at 4, 11. Plaintiff claims that he did not exhaust because he was in fear for his life because prison officials "forewarned [him] that [he] better keep [his] mouth shut." Mot. SJ. at 13 (quoting Complaint at 4, 11). In particular, Plaintiff, in conclusory terms, claims that he "was in fear for his life, so [he] sent letters to numerous outside agencies." Complaint at 11 (citing Exhs. A-D). Defendants argue that Plaintiff's allegation of fear, without more, is

insufficient to overcome the exhaustion requirement. Defendants also submit that Plaintiff was later transferred to the Charlotte County Jail and could have exhausted his claims then without fear of reprisal. *Id.* (citing *Bryant*, 530 F.3d at 1371-74.).

Based upon the record and binding precedent, the Court agrees with Defendants that Plaintiff has failed to exhaust his available administrative remedies, or demonstrate cause to excuse the exhaustion requirement. The Eleventh Circuit has found when certain conditions are met in a case that a "prison official's serious threats of substantial retaliation against an inmate for lodging in good faith a grievance make the administrative remedy 'unavailable,' and thus lift the exhaustion requirement as to the affected parts of the process." *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008). A remedy is unavailable when: (1) the threat actually did deter the inmate from lodging grievances or from pursuing a particular part of the administrative process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursing the part of the grievance process that the inmate failed to exhaust. *Id.*; *see also Bryant*, 530 F.3d at 1373, fn. 6 (discussing other circumstances where the courts deemed the administrative remedies as "unavailable."). The Eleventh Circuit has also affirmed a district court's dismissal based on a plaintiff's

failure to exhaust his administrative remedies when the inmate's alleged fear of reprisal was eliminated when he was moved to another jail and could have exhausted his remedies at that time. *See generally Bryant*, 530 F.3d at 1373.

In this case, Plaintiff was transferred from the Lee County Jail to the Charlotte County Jail and he could have exhausted his administrative remedies once he was no longer in fear of reprisal. Mot. SJ. at 13-14. Further, the Court finds that Plaintiff's purported fear in this case is too speculative based upon its review of the record. Significantly, Plaintiff does not state *who* purportedly threatened him, or when the threat took place. Thus, Plaintiff's conclusory claim, without more, does not show that his ability to have filed inmate grievances concerning the failure to protect, or lack of medical treatment, to the jail officials was foreclosed. *See* Complaint. Plaintiff also does not claim that any prison official from the Lee County Jail acted violently toward him.

Moreover, the Court finds that the record establishes that Plaintiff was *not* dissuaded from filing other inmate grievances and requests during this same time period. In fact, in a December 25, 2008 grievance, Plaintiff wrote that he had been sexually assaulted by his cellmate on December 9, 2008, and complained about not receiving the "rape kit." Exh. R. The grievance does not contain

any allegations regarding any jail official's failure to protect Plaintiff from the sexual assault, or failure to render medical treatment once officials were allegedly aware of the assault. Thus, based on the pertinent provisions of the jail's administrative regulations, this lone grievance is insufficient to have exhausted the Jail's administrative remedies.[3]

Plaintiff's allegation that he was unable to file grievances in fear of retaliation is severely undermined by the record, which reflects that Plaintiff submitted multiple unrelated grievances and inmate requests after the alleged incident giving rise to the instant action. *See* Exh. R (complaining about job assignment where he purportedly sustained a back injury, the December 9, 2008 sexual assault by his cellmate, dated December 25, 2008); Exh. W at 1 (requesting a book on criminology, dated December 11, 2008); *Id.* at 2 (requesting case law, dated December 11, 2008); *Id.* at 3 (requesting various forms for filing in a criminal or post-conviction matter, dated December 15, 2008); *Id.* at 4 (requesting a copy of a "hear and rule motion," dated December 16, 2008); *Id.* at 5 (requesting form for post-conviction matter, dated December 17, 2008); *Id.* at 6 (requesting a copy of citations for "emotional

---

[3]The Lee County Jail's administrative procedures require that the grievance contain only one complaint per form. *See* Lee County Jail's Inmate Rules and Regulations, Inmate Handbook (Nov. 2009). The grievance procedure is a two-step process, including an initial grievance and an appeal therefrom. *Id.*

insanity," dated December 18, 2008); *Id.* at 7 (requesting educational reading materials, dated December 18, 2008); *Id.* at 8 (requesting copy of sections of the Florida Statutes, dated December 22, 2008); Exh. M (requesting a cell switch to 2E2, dated December 8, 2008, and response approving dated December 9, 2008); Exh. S (requesting property from property room, dated December 9, 2008); Exh. T (requesting property again, dated December 10, 2008); Exh. U (requesting scripture and other reading materials, dated December 18, 2008); Exh. V (complaining about the price of canteen items, dated December 18, 2008). Therefore, the Court finds that Plaintiff failed to properly comply with the Jail's grievance procedure. Consequently, Plaintiff failed to exhaust his administrative remedies and this action must be dismissed pursuant to 42 U.S.C. § 1997e(a).

ACCORDINGLY, it is hereby **ORDERED:**

1. Defendants' Motion to Dismiss, or in the Alternative Motion for Summary Judgment (Doc. #38) is **GRANTED** and this action is **DISMISSED** pursuant to 42 U.S.C. § 1997e(a).

2. The **Clerk of Court** shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this 8TH day of February, 2011.

                                                    */s/ Charlene Edwards Honeywell*
                                                    Charlene Edwards Honeywell
                                                    United States District Judge

SA: alj
Copies: All Parties of Record